**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>41 Orchard Street, Norway, ME 04268 |
| Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III<br>CitiFinancial Inc. | Mortgage:<br>April 26, 2004<br>Book 3510, Page 1<br>Oxford County Registry of Deeds |
| Defendants<br>Internal Revenue Service<br>LVNV Funding LLC | |
| Party-In-Interest | |

NOW COMES the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III and CitiFinancial Inc., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a note executed under seal currently owned and held by The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, in which the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-Eight Thousand One Hundred and 76/100 ($178,100.76) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C is a Corporation with its principal place of business located at 240 Greenwich Street, New York, NY. 10007

5. The Defendant, Toini Farrar a/k/a Toini Lynn Farrar, is a resident of Norway, County of Oxford and State of Maine.

6. The Defendant, Charles A. Smith a/k/a Charles A. Smith III, is a resident of Norway, County of Oxford and State of Maine.

7. The Defendant, CitiFinancial, Inc., is located at 300 Saint Paul Place Baltimore, MD. 21202.

8. The Party-in-Interest, Internal Revenue Service, is located at 1111 Constitution Ave. NW, Washington, DC 20224.

9. The Party-in-Interest, LVNV Funding, LLC, is located at C/o CSC Services of Nevada, 2215 B. Renaissance Drive, Las Vegas, NV 89119.

## FACTS

10. On October 3, 1996, by virtue of a Warranty Deed from Steven J. Florenz, which is recorded in the Oxford County Registry of Deeds in **Book 2374, Page 183**, the property situated at 41 Orchard Street, City/Town of Norway, County of Oxford, and State of Maine, was conveyed to Toini Lynn Farrar and Charles A. Smith, III, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. On April 26, 2004, Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, executed and delivered to Centex Home Equity Company, LLC a certain Note under seal in the amount of $120,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on April 26, 2004, Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, executed a Mortgage Deed in favor of Centex Home Equity Company, LLC, securing the property located at 41 Orchard Street, Norway, ME 04268 which Mortgage Deed is recorded in the Oxford County Registry of Deeds in **Book 3510**, **Page 1**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity

Loan Trust 2004-c by virtue of an Assignment of Mortgage dated February 8, 2016 and recorded in the Oxford County Registry of Deeds in **Book 5269**, **Page 37**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On November 15, 2015, the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $155,258.67 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder.  That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action.  *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. On October 26, 2022, the Defendants, Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit F.

17. The Defendants, Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $10,156.71 dated March 3, 2009, and recorded in the Oxford County Registry of Deeds in **Book 4415**, **Page 71** and is in Second position behind Plaintiff's Mortgage.

22. LVNV Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,596.57 dated July 29, 2009, and recorded in the Oxford County Registry of Deeds in **Book 4676**, **Page 257** and is in third position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of February 6, 2023 is One Hundred Seventy-Eight Thousand One Hundred and 76/100 ($178,100.76) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $104,262.82 |
| Interest | $10,633.91 |
| Escrow Advance | $10,022.39 |
| Non-Interest Bearing Principal Balance | $46,577.60 |

|  |  |
|---|---|
| Lender paid expenses | $6,604.04 |
| Grand Total | $178,100.76 |

24. Upon information and belief, the Defendants, Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III, are presently in possession of the subject property originally secured by the Mortgage.

25. Upon information and belief, the Mortgage dated December 18, 2002 and recorded in Book 3220, Page 102 has been paid in full and should have been discharged.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 41 Orchard Street, Norway, County of Oxford, and State of Maine. *See* Exhibit A.

28. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2019, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of February 6, 2023 is One Hundred Seventy-Eight Thousand One Hundred and 76/100 ($178,100.76) Dollars.

32. The record established through the Oxford County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III, on October 26, 2022, evidenced by the Certificate of Mailing. *See* Exhibit F.

35. The Defendants, Toini Farrar a/k/a Toini Lynn Farrar and Charles A. Smith a/k/a Charles A. Smith III, are not in the Military as evidenced by the attached Exhibit G.

36. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On April 26, 2004, the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, executed under seal and delivered to Centex Home Equity Company, LLC a certain Note in the amount of $120,000.00. *See* Exhibit B.

39. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are in default for failure to properly tender the January 1, 2014 payment and all subsequent payments. *See* Exhibit F.

40. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar.

41. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

42. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar's, breach is knowing, willful, and continuing.

43. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar's, breach has caused Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home

Equity Loan Trust 2004-C, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of February 6, 2023, if no payments are made, is One Hundred Seventy-Eight Thousand One Hundred and 76/100 ($178,100.76) Dollars.

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

46. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, entered into a written contract with Centex Home Equity Company, LLC who agreed to loan the amount of $120,000.00 to the Defendants. *See* Exhibit B.

49. As part of this contract and transaction, the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is the

proper holder of the Note and successor-in-interest to Centex Home Equity Company, LLC, and has performed its obligations under the Note and Mortgage.

51. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2014 payment and all subsequent payments. *See* Exhibit F.

52. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar.

53. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

54. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are indebted to The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C in the sum of One Hundred Seventy-Eight Thousand One Hundred and 76/100 ($178,100.76) Dollars, for money lent by the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, to the Defendants.

55. Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar's, breach is knowing, willful, and continuing.

56. Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar's, breach has caused Plaintiff, The Bank of New York Mellon f/k/a The Bank of

New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of February 6, 2023, if no payments are made, is One Hundred Seventy-Eight Thousand One Hundred and 76/100 ($178,100.76) Dollars.

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

59. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

60. The Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Centex Home Equity Company, LLC, predecessor-in-interest to The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, loaned the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, $120,000.00. *See* Exhibit B.

62. The Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, have failed to repay the loan obligation.

63. As a result, the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, have been unjustly enriched to the detriment of the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C as successor-in-interest to Centex Home Equity Company, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is entitled to relief.

65. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, upon the expiration of the period of redemption;

c) Find that the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are in breach of the Note by failing to make payment due as of January 1, 2014, and all subsequent payments;

d) Find that the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are in breach of the Mortgage by failing to make payment due as of January 1, 2014, and all subsequent payments;

e) Find that the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2014 and all subsequent payments;

g) Find that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, to restitution;

j) Find that the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, are liable to the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, for money had and received;

k) Find that the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, have appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, is entitled to restitution for this benefit from the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar;

n) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment against the Defendants, Charles A. Smith a/k/a Charles A. Smith III and Toini Farrar a/k/a Toini Lynn Farrar, and in favor of the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C, in the amount of One Hundred Seventy-Eight Thousand One Hundred and 76/100 ($178,100.76 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

p) Find that the Mortgage to Citifinancial dated December 18, 2002 and recorded in Book 3220, Page 102 has been paid in full and should have been discharged.

q) For such other and further relief as this Honorable Court deems just and equitable.

                                                        Respectfully Submitted,
The Bank of New York Mellon f/k/a The Bank of New York, Successor to JPMorgan Chase Bank, N.A., as Trustee for Centex Home Equity Loan Trust 2004-C,
By its attorneys,

Dated: February 17, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com